34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dewitt Darren JOHNSON, Petitioner-Appellee,
v.
Charles MARSHALL; Daniel E. Lungren, Attorney General of
the State of California, Respondents-Appellants.
 No. 93-56342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Marshall and Daniel Lungren, Attorney General of the State of California, appeal the district court's decision to grant California state prisoner Dewitt Johnson's petition for a writ of habeas corpus. Appellants claim the district court erred by reversing the trial court's finding that Johnson was not competent to waive his right to counsel. We have jurisdiction under 28 U.S.C. Sec. 2253, and we reverse.
 
 
 3
 "Criminal defendants have a constitutional right to forgo the assistance of counsel and to represent themselves instead." Savage v. Estelle, 924 F.2d 1459 (9th Cir.1990) "A trial court must grant a defendant's request to represent himself so long as the request is made knowingly and intelligently." Hamilton v. Vasquez, 17 F.3d 1149 (9th Cir.1994). We review de novo whether a defendant waived his right to counsel knowingly, intelligently and voluntarily. Harding v. Lewis, 834 F.2d 853, 857 (9th Cir.1987), cert. denied, 488 U.S. 871 (1988).
 
 
 4
 Here, Johnson asked twice to be allowed to represent himself. When questioned, however, he could not tell the trial judge what crime he was charged with or what possible sentence he faced. The trial court determined that Johnson was not "making an intelligent waiver of his right to counsel." The district court held that this determination was "not fairly supported by the record." 28 U.S.C. Sec. 2254(d)(3) and (8). We disagree.
 
 
 5
 The record shows that Johnson did not know the charges he faced or the possible consequences of a conviction. These facts support the conclusion that Johnson was not making an intelligent waiver of his right to counsel. We therefore reverse the district court. See Harding, 834 F.2d at 857.
 
 
 6
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3